UNDER SEAL

AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Virginia

NOV 1 6 2018

In the Matter of the Tracking of  )
*(Identify the person to be tracked or describe*  )
*the object or property to be used for tracking)*  )
A 2015 NISSAN ALTIMA BEARING VIRGINIA LICENSE  )
PLATE VJC6577 AND VEHICLE IDENTIFICATION  )
NUMBER 1N4AL3AP9FN304079  )

Case No. 1:18-sw-692

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841__ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A 2015 NISSAN ALTIMA BEARING VIRGINIA LICENSE PLATE VJC6577 AND VEHICLE IDENTIFICATION NUMBER 1N4AL3AP9FN304079

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Reviewed by AUSA/SAUSA:

Dennis Fitzpatrick/Heather Call

Christopher M. Ray, Special Agent, FBI
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: Nov. 16, 2018

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
*Judge's signature*

City and state: Alexandria, VA

Hon. John F. Anderson, U.S. Magistrate Judge
*Printed name and title*

UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NOV 1 6 2018

IN THE MATTER OF THE TRACKING OF A )
2015 NISSAN ALTIMA BEARING VIRGINIA )    Case No. 1:18-sw-692
LICENSE PLATE VJC6577 AND VEHICLE )
IDENTIFICATION NUMBER )    **UNDER SEAL**
1N4AL3AP9FN304079 )

\*\*\*\*\*\*\*

**AFFIDAVIT IN SUPPORT OF INSTALLATION OF AN
ELECTRONIC VEHICLE TRACKING DEVICE**

I, Christopher M. Ray, Special Agent ("SA") with the Federal Bureau of Investigation

("FBI"), Washington Field office, Washington, D.C. (hereinafter the "affiant"), being duly sworn,

deposes and states as follows:

**INTRODUCTION**

1.      This affidavit is being submitted in support of an application for a search warrant

under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 authorizing the covert

installation and use of an electronic tracking device on the exterior of a Silver 2015 Nissan Altima

with   Virginia   license   plate   VJC6577,   and   Vehicle   Identification   Number   (V.I.N.)

1N4AL3AP9FN304079 (the "TARGET VEHICLE"), and authorization to remove and re-install

the electronic tracking device on the exterior of the TARGET VEHICLE at any time should the

device be rendered inoperable. I submit there is probable cause to believe that the TARGET

VEHICLE has been and will continue to be used in the commission of offenses involving

possession with intent to distribute a controlled substance and distribution of a controlled

substance, in violation of 21 U.S.C. § 841 and possession of a firearm during and in relation to a

drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), and that there is probable cause

1

to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2.      Your Affiant, Special Agent Christopher M. Ray, has been a Special Agent with the FBI since March 2008, where I am currently assigned to squad CR-6—the Safe Streets Task Force—at the Washington Field Office ("WFO"), which is responsible for conducting investigations that target Violent Gangs and Drug Trafficking Organizations. In my work with the FBI, I have received training and experience in interviewing and interrogation techniques; arrest procedures; search and seizure; drug and money laundering investigations, including the illegal structuring of financial transactions; surveillance techniques; asset forfeiture; possession with intent to distribute and distribution of controlled substances; engaging in financial transactions to promote, disguise or conceal illegal drug trafficking and the source of the proceeds derived from it; unlawfully engaging in monetary transactions involving the proceeds of specified unlawful activity (practices commonly referred to collectively as "money laundering") and conspiracies associated with the foregoing criminal offenses which are prohibited by 21 U.S.C. §§ 841(a)(1), 843(b), and 846, and 18 U.S.C. §§ 922(g), 924(c), 1956 and 1957.

3.      This affidavit is based, in part, upon information provided to me by other agents of the ATF and the FBI, and information obtained through controlled purchases of illegal drugs, physical surveillance and other information gathered during the course of this investigation. Because this affidavit is being submitted for the limited purpose of securing a warrant for the covert installation and monitoring of a tracking device on the exterior of a vehicle, I have not

included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of this warrant.

4.    Based on your affiant's participation in this investigation, as well as through interviews with and analysis of reports submitted by other agents of the ATF and FBI who are involved in this investigation, I am familiar with all aspects of this investigation. On the basis of this familiarity, and on the basis of other information which I have reviewed and determined to be reliable, I allege the facts to show that there is probable cause to believe OMAR ELBAKKOUSH, and others known and as yet unknown have committed, are committing, and will continue to commit the following offenses: the distribution and the possession with the intent to distribute controlled substances, including heroin and marijuana in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm during a drug trafficking offense 18 U.S.C. § 924(c)(1)(A). Furthermore, your affiant submits that there is probable cause to believe ELBAKKOUSH utilizes the TARGET VEHICLE to facilitate and commit these crimes.

## TARGET VEHICLE

5.    The TARGET VEHICLE is described as a silver-colored 2015 Nissan Altima, with Virginia plate VJC6577 and Vehicle Identification Number (V.I.N.) 1N4AL3AP9FN304079. The TARGET VEHICLE is registered to Sabah Raougui at 3242 Holly Berry Court, Falls Church, VA 22042. [1]

---

1 Sabah Raougui is believed to be ELBAKKOUSH's mother, who investigators believe resides at 3242 Holly Berry Court, Falls Church, VA 22042.

6.    Based on surveillance by members of law enforcement, your Affiant believes that the TARGET VEHICLE will be located within the Eastern District of Virginia at the time the electronic tracking device is installed.

7.    Additionally, court authorized geolocation data ("GPS pings") were collected on ELBAKKOUSH's telephone number from August 16 to November 10, 2018. Your affiant has reviewed the GPS pings and observed that ELBAKKOUSH routinely stays in the Eastern District of Virginia.

## PROBABLE CAUSE

8.    I am currently participating in a narcotics and firearms trafficking investigation, which targets traffickers in the District of Columbia, Prince George's County, Maryland, and Northern Virginia. One of the key participants in the drug trafficking organization under investigation is ELBAKKOUSH. To date, a Federal Task Force has conducted controlled purchases of narcotics and firearms from ELBAKKOUSH with the most recent controlled purchase taking place on November 1, 2018.[2]

9.    On November 1, 2018, starting at approximately 9:54 a.m., an Undercover Law Enforcement Agent, hereafter referred to as "UC1," communicated with ELBAKKOUSH via text message in order to arrange a controlled purchase of a firearm and heroin. ELBAKKOUSH replied to UC1's text messages and confirmed that UC1 was in the Washington, D.C. area. UC1 called ELBAKKOUSH and informed ELBAKKOUSH that UC1 was going to be in the Washington D.C.

---

2 From August 6, 2018 to November 1, 2018, the Federal Task Force has conducted a total of three Undercover controlled purchases with ELBAKKOUSH yielding in the seizure of five (5) firearms, one (1) firearm suppressor, approximately 3 pounds of marijuana, and approximately 131 grams of heroin.

area within the hour. ELBAKKOUSH informed UC1 that he was currently in the process of obtaining a money order from a local 7-eleven convenience store to pay application fees for an apartment he intended to move into with his girlfriend and his two children. ELBAKKOUSH explained to UC1 that the apartment was a two-bed, two-bath apartment, with a loft for $1,400.00 per month. He was reluctant to co-sign with his girlfriend because he was used to putting apartments in someone else's name in order to avoid law enforcement.

10.     At approximately 12:02 p.m., UC1 called ELBAKKOUSH via TARGET TELEPHONE-1. ELBAKKOUSH confirmed with UC1 that he was currently on Interstate 66 in Virginia heading into the District of Columbia. ELBAKKOUSH informed UC1 that he was not planning to conduct the transaction at the same location as the previous narcotics and firearm transactions. ELBAKKOUSH informed UC1 that he had to check with "OG" to confirm who "OG" was sending to oversee the heroin transaction. UC1 asked ELBAKKOUSH about the firearms ELBAKKOUSH intended to sell UC1. ELBAKKOUSH replied he no longer had a Glock for sale, but had a Luger firearm to sell to UC1. ELBAKKOUSH stated that "OG" gave him the Luger firearm to sell to UC1.

11.     After exchanging several phone calls with ELBAKKOUSH regarding a proposed location for the transaction to take place, ELBAKKOUSH told UC1 to meet with him in the parking lot of the Wendy's, located at 4250 Nannie Helen Burroughs Avenue Northeast, Washington, D.C. At approximately 2:58 p.m., UC1 arrived in the Wendy's parking lot. UC1 observed ELBAKKOUSH standing near a silver Nissan 4-door sedan with Virginia license plates VJC6577 ("TARGET VEHICLE"). UC1 parked next to the TARGET VEHICLE. ELBAKKOUSH entered the passenger seat of the Undercover Vehicle ("UCV"). UC1 and

ELBAKKOUSH exchanged greetings. ELBAKKOUSH then informed UC1 that he was waiting for the heroin to arrive in approximately five minutes. ELBAKKOUSH informed UC1 that the firearm that he wished to sell was inside of the TARGET VEHICLE. ELBAKKOUSH exited the UCV, and obtained a Hi-Point Pistol from the TARGET VEHICLE. ELBAKKOUSH returned to the UCV and placed the firearm in UC1's bag, which was located inside of the passenger compartment of the UCV. UC1 gave ELBAKKOUSH seven hundred dollars ($700.00) in pre-recorded U.S. Currency in exchange for the firearm. ELBAKKOUSH informed UC1 that his heroin delivery was due to arrive shortly. While UC1 waited for ELBAKKOUSH'S heroin source to arrive, UC1 invited ELBAKKOUSH into the Wendy's restaurant to eat.

12.     Inside of the Wendy's, UC1 and ELBAKKOUSH maintained conversation. ELBAKKOUSH eventually told UC1 to meet him back at the UCV. UC1 asked for the status of the heroin delivery. ELBAKKOUSH replied that the individual bringing the heroin was close by. At approximately 3:28 p.m., UC1 informed ELBAKKOUSH that UC1 was going to depart the Wendy's location without the heroin. UC1 and ELBAKKOUSH exchanged departure greetings. UC1 departed the area and returned to the staging location.

13.     At approximately 3:50 p.m., UC1 received a call via cell phone from ELBAKKOUSH. ELBAKKOUSH informed UC1 that he had received the heroin to sell to UC1. ELBAKKOUSH asked if UC1 wanted him to deliver the heroin to UC1's location. UC1 informed ELBAKKOUSH that he would return to ELBAKKOUSH to conduct the transaction.

14.     At approximately 4:31 p.m., UC1 arrived in the parking lot of the previous Wendy's restaurant and parked next to the TARGET VEHICLE, which was occupied solely by ELBAKKOUSH. ELBAKKOUSH then entered the UCV, reached into his left pocket and

6

retrieved a clear plastic bag that contained suspected heroin. ELBAKKOUSH gave UC1 the suspected heroin. UC1 inspected the content of the packaging and placed the suspected heroin on a portable scale. The suspected heroin weighed in 131 grams. UC1 then gave ELBAKKOUSH ten thousand, eight hundred dollars ($10,800.00) in pre-recorded U.S. Currency in exchange for the suspected heroin. ELBAKKOUSH exited the UCV. UC1 departed the area and transported the purchased firearm and narcotics to the staging area. ELBAKKOUSH departed the area driving the TARGET VEHICLE. The suspected heroin was later field tested and tested positive for the presence of opiates.

15.     Based upon the information set forth above, I believe there is probable cause to believe that ELBAKKOUSH is engaging in firearms and drug trafficking activity and that ELBAKKOUSH is using the TARGET VEHICLE in furtherance of such activity, and that the use of electronic tracking devices on the TARGET VEHICLE will lead to evidence of ELBAKKOUSH's firearms and narcotics trafficking activity.  Additionally, based on previous experience utilizing vehicle tracking devices, your affiant believes that the use of this investigative technique could lead to the identification of additional co-conspirators, the whereabouts of firearms and narcotics storage locations used by ELBAKKOUSH, as well as the transportation routes used by ELBAKOUSH to facilitate delivery of firearms and narcotics to others.

**REQUESTED ACCESS TO THE TARGET VEHICLE**

16.     Based on the foregoing, I request that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the FBI, ATF, and/or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation to install a

7

tracking device on the TARGET VEHICLE within the Eastern District of Virginia, to maintain, repair, and/or replace the tracking device as necessary, to remove the tracking device from the TARGET VEHICLE after the use of the tracking device has ended; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Virginia.

17.   In the event that the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days from the date of issue of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

18.   Upon installing the electronic tracking device onto the vehicle, it may be necessary to appropriate the vehicle at night (after 10 p.m. and before 6 a.m.), for safety reasons, in order to most effectively adjust, repair, and/or remove the tracking device. For this reason, to ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, your Affiant requests that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. Your Affiant further requests authority to enter the TARGET VEHICLE for the purpose of installing, maintaining, and removing the GPS tracking device.

19.   The attachment of the electronic tracking device, and any necessary repairs, adjustments, or replacements of such device, as well as the removal of such device at the conclusion of the monitoring authorized by the Court, will be accomplished in such a way as to minimize the amount of intrusion and trespass onto any premises where the vehicle is located.

Technically trained law enforcement agents will safely and effectively install onto and remove the tracking device from the TARGET VEHICLE.

20.     Accordingly, I respectfully request that the Court's warrant authorize members of law enforcement to enter surreptitiously into any location for the purpose of installing, adjusting, repairing, and/or removing the tracking device.

21.     In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

22.     It is requested that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the flight of fugitives, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on special agents and other investigative and law enforcement officers of the FBI and ATF, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

## CONCLUSION

23.     Based upon the information set forth above, your affiant respectfully submits that there is probable cause to believe that Omar ELBAKKOUSH is engaging in drug trafficking activity while armed in violation of 21 U.S.C. § 841 and 18 U.S.C. §924 (c)(1)(A), and that the installation and use of the electronic tracking device on the TARGET VEHICLE described herein will assist in the investigation of ELBAKKOUSH's drug trafficking activity. Accordingly, I respectfully request that the Court issue a warrant authorizing the installation, use, and monitoring of the electronic tracking device for a period of 45 days on the TARGET VEHICLE.


Christopher M. Ray, Special Agent
Bureau of Alcohol Tobacco Firearms and Explosives


Sworn and subscribed to before me this **16th** day of November, 2018.


_____ /s/ _____
John F. Anderson
United States Magistrate Judge
The Honorable John F. Anderson
United States Magistrate Judge